## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

RONALD E. MCCRAY, #344018,

        Petitioner,

v.                         CIVIL ACTION NO. 2:06cv728

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

On May 13, 2004, Petitioner, Ronald E. McCray ("McCray"), was found guilty in a bench trial of one (1) count of abduction and one (1) count of possession of marijuana, in the Circuit Court for the County of Prince George, Virginia ("Circuit Court").[1] Record

---

[1]McCray was represented during the preliminary hearing and trial by Lawrence Blake, Esq. Mr. Blake was also appointed to represent McCray on appeal, but withdrew from representation in

No. CR04-48-00/01.  McCray was sentenced to serve ten (10) years in prison for the abduction conviction, of which two (2) years, five (5) months were suspended, and twelve (12) months in jail for the possession conviction, of which twelve (12) months were suspended, as reflected in the Court's August 12, 2004, Sentencing Order.[2]

On July 8, 2004, McCray noted his appeal to the Court of Appeals of Virginia ("Court of Appeals").  On September 21, 2004, McCray's counsel filed a motion to withdraw and an accompanying brief raising one (1) claim of error, in accordance with Anders v. California, 386 U.S. 738 (1967).  On September 22, 2004, the Court of Appeals granted counsel's motion to withdraw and allowed McCray an additional 21 days in which to file a supplemental petition for appeal.  On September 29, 2004, McCray submitted a letter to the court, which was filed on October 1, 2004, and treated as a pro se brief containing three (3) additional claims[3] of error.  On January 10, 2005, McCray submitted an additional letter, filed by the court on January 13, 2005, which provided references to the trial

_____

conjunction with the filing of an <u>Anders</u> brief, as discussed <u>infra</u>.

[2]The sentencing hearing was held on July 8, 2004.

[3]The grounds for this appeal were essentially the following:
(1) The evidence was insufficient to sustain the conviction for abduction (from counsel's brief);
(2) McCray was denied a copy of the preliminary hearing transcript (from <u>pro se</u> brief);
(3) The trial court did not find McCray guilty of abduction (from <u>pro se</u> brief); and
(4) McCray was deprived of a fair trial due to ineffective assistance of counsel (from <u>pro se</u> brief).

transcript.  On January 25, 2005, the Court of Appeals denied the appeal.[4]   Record No. 1629-04-2.   McCray did not appeal this decision to the Supreme Court of Virginia or the United States Supreme Court.

On October 5, 2005, McCray filed a pro se petition for a writ of habeas corpus in the Circuit Court.[5]  On November 22, 2005, the

---

[4]The court held:
(1) The evidence was sufficient to support the abduction conviction;
(2) McCray was not entitled to a transcript of the preliminary hearing;
(3) The trial court's order and the transcript confirm that the court found McCray guilty of abduction; and
(4) Ineffective assistance of counsel claims may not be raised on direct appeal.

[5]Although the petition was signed by McCray and notarized on July 29, 2005, the accompanying "proof of service" was dated October 5, 2005, the same date the court stamped the petition as filed.  This petition alleged essentially the following claims:
(a) Counsel met with McCray only three (3) times prior to trial and did not disclose photographs later presented at trial;
(b) Counsel missed several crucial statements by witnesses due to his hearing;
(c) Counsel failed to authenticate when the victim sustained her bruises;
(d) In an unrelated case, counsel was suspended from trial because he appeared in court intoxicated;
(e) Counsel failed to attack the credibility of the victim;
(f) Counsel failed to object to statements due to his poor hearing;
(g) Counsel failed to contact witnesses provided by McCray for the sentencing hearing and spoke only 264 words at the sentencing hearing;
(h) Counsel's ineffectiveness denied McCray the right to a fair trial;
(i) The claims were not raised on appeal because ineffective assistance of counsel claims may not be raised on direct appeal; and
(j) Counsel failed to contact a witness that would have corroborated McCray's testimony.

Circuit Court denied the writ on the merits finding that for each of McCray's claims, McCray either failed to make out a claim of ineffective assistance of counsel or failed to satisfy either prong of the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).   Record No. 2005-109.   On December 30, 2005, McCray submitted his notice of appeal, which was filed by the Supreme Court of Virginia on January 3, 2006.   On March 13, 2006, the court filed McCray's "Motion for Appeal," which contained a "Statement of facts," "Stated Facts," "Comments to the Facts," and "Personal Comments."[6]   On April 26, 2006, the Supreme Court of Virginia dismissed the appeal for failure to assign error as required by Rule 5:17(c).   Record No. 060516.

On May 24, 2006, McCray filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[7]   On August 24, 2006, Respondent filed a Motion to Dismiss, with a supporting brief and Roseboro notice.   On September 11, 2006, the Court received

---

[6]The two claims presented in the instant petition were included among the "Comments to the Facts."

[7]The grounds for that petition were:
(1) Counsel was ineffective for not permitting McCray to speak at his preliminary hearing;
(2) Counsel was ineffective for failing to challenge the credibility of McCray's accuser;
(3) Counsel was ineffective for failing to discuss the Anders brief with McCray and for withdrawing from representation during the pendency of the appeal; and
(4) The trial court and prosecutor caused defense counsel to be ineffective by preventing defense counsel from challenging the credibility of McCray's accuser.

4

McCray's Motion to Amend or Withdraw Present Petition.   On October 18, 2006, the court dismissed McCray's federal habeas petition without prejudice to enable McCray to file a successive habeas petition in state court.   McCray did not file a new petition in state court.

On December 5, 2006, while in the custody of the Virginia Department of Corrections at the Greensville Correctional Center, McCray executed the instant federal habeas petition.   The Court conditionally filed this petition on December 28, 2006.[8]   On

_____

[8]McCray's original federal petition for habeas corpus was executed on December 5, 2006.  The petition was postmarked December 6, 2006, was received by the United States District Court for the Eastern District of Virginia, Richmond, on December 19, 2006, and was conditionally filed with this Court on December 28, 2006, because it was not accompanied by the $5.00 filing fee or a request to proceed in forma pauperis.  On February 2, 2007, the Court entered an Order directing McCray to remit the $5.00 filing fee because McCray did not qualify to proceed in forma pauperis.
On February 23, 2007, the Court received the $5.00 filing fee. On March 5, 2007, the Court entered an Order filing the petition.
The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004.  As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions.  Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.  In this case, as there is no evidence in the record to the contrary, the Court will assume that McCray delivered his federal habeas petition for mailing on the date he signed it, December 5, 2006.
Further, the Court considers McCray's petition as filed, for statute of limitations purposes, on that date.  A federal habeas corpus petition is considered timely filed if it is deposited in the prison mailing system prior to the running of the statute of limitations, even if it lacks the requisite filing fee or in forma pauperis form.  See Rule 3 2004 Advisory Committee's Notes (recognizing that Rule 3 is silent as to the filing date of a petition not submitted on the proper form or not accompanied by the

February 23, 2007, the Court received the $5.00 filing fee, and on March 5, 2007, the Court filed McCray's petition.  On April 4, 2007, Respondent filed his Motion to Dismiss and Rule 5 Answer accompanied by a supporting brief ("Respondent's Brief") and a Notice of Motion Pursuant to Local Rule 7(K).  On May 21, 2007, McCray filed his response to Respondent's Motion to Dismiss ("McCray's Response").[9]

---

filing fee or a motion to proceed in forma pauperis, and advising that the court clerk, in such instances, must "accept the defective petition and require the petitioner to submit a corrected petition." See also Thompson v. Greene, 427 F.3d 263, 269 (4th Cir. 2005) (applying United States v. Vonn, 535 U.S. 55, 64 n.6 (2002) ("In the absence of a clear legislative mandate, the Advisory Committee Notes provide a reliable source of insight into the meaning of a rule.")); Nichols v. Bowersox, 172 F.3d 1068, 1076 (8th Cir. 1999) (holding that Rule 3 of the Rules Governing Section 2254 Cases "is not dispositive" for purposes of establishing the time of filing of a habeas petition); Harris v. Vaughn, 129 Fed. Appx. 684, 690 (3rd Cir. 2005) (holding that "the date of filing for statute of limitations purposes is the date that the [federal] habeas petition is received by the court or by the appropriate prison official (if the mailbox rule applies), regardless of whether payment or an [in forma pauperis] application is attached, as long as either follows within a reasonable time and there is no evidence of bad faith.")

[9]This response consisted of a letter acknowledging that McCray's Response was untimely, accompanied by a series of grievance forms documenting delays in accessing the prison law library from October 26, 2006 to May 14, 2007.  The Court construes this letter as McCray's motion for enlargement of time in which to file a response, which is hereby GRANTED since the Court has considered McCray's Response herein.

## B. <u>Grounds Alleged</u>

McCray now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the reasons substantially as follows:

(a)   McCray was denied effective assistance of counsel because his appellate counsel filed an <u>Anders</u> brief, and the Court of Appeals granted counsel's motion to withdraw without appointing McCray replacement appellate counsel; and

(b)   The Court of Appeals' failure to appoint replacement appellate counsel denied McCray his due process and equal protection rights.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

The Court need not address the merits of McCray's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations and McCray's claims are procedurally defaulted.

## A. <u>Statute of Limitations</u>

McCray's petition is barred by the statute of limitations. The statute of limitations for actions under 28 U.S.C. § 2254, effective April 24, 1996, is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Ordinarily, McCray would have had one (1) year from the date on which his conviction became final to file a petition for federal

habeas corpus relief.  His conviction became final on February 24, 2005, which was thirty (30) days after the January 25, 2005, denial of his petition for appeal by the Court of Appeals of Virginia, and the date upon which the period for filing an appeal with the Supreme Court of Virginia expired.[10]  See Va. Code Ann. §8.01-671(C). Therefore, without considering any tolling provisions, infra, McCray had until January 25, 2006, to file his federal petition for a writ of habeas corpus.  McCray's petition was not executed until December 5, 2006,[11] which was more than ten (10) months outside the applicable limitation period.

Normally, a person in state custody, however, may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending.  28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process, including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state

_____

[10]Because McCray did not file an appeal with the Supreme Court of Virginia, he was not entitled to an additional ninety (90) days of tolling in order to file a petition for certiorari with the United States Supreme Court.  See U.S. Sup. Ct. R. 13(1) (providing filing timelines for petitions for writs of certiorari after judgments by the "state court of last resort").

[11]As noted supra, McCray's original federal habeas corpus petition was executed on December 5, 2006.  Though it was not conditionally filed in this Court until December 28, 2006, by application of the mailbox rule, supra, the Court considers the petition to have been filed as of the date of execution for statute of limitations purposes.

court.  <u>Carey v. Saffold</u>, 536 U.S. 214, 220-21 (2002); <u>Rouse v.</u>
<u>Lee</u>, 339 F.3d 238, 243-44 (4th Cir. 2003) (a state post-conviction
proceeding for § 2244(d)(2) tolling purposes encompasses all state-
court proceedings "from initial filing [in the trial court] to
final disposition by the highest state court." (quoting <u>Taylor v.</u>
<u>Lee</u>, 186 F.3d 557, 561 (4th Cir. 1999))).

An application for state post-conviction review is "properly
filed" not merely when it is delivered or accepted by the relevant
court.  <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000).  Rather:

> an application is "properly filed" when its
> delivery and acceptance are in compliance with
> the applicable laws and rules governing
> filings.  These usually prescribe, for
> example, the form of the document, the time
> limits upon its delivery, the court and office
> in which it must be lodged, and the requisite
> filing fee.

<u>Id.</u>  Thus, an application that does not conform to such rules, but
that is nonetheless accepted by the clerk of a state court, is not
a properly filed application; it is merely a "pending" application
that does not toll the limitation period.  <u>Id.</u> at 9 (application
was not properly filed and limitation period was not tolled where
fee was not included with filing).  <u>See also</u>  <u>Pace v. DiGugliemo</u>,
544 U.S. 408, 417 (2005) ("we hold that time limits, no matter
their form, are 'filing' conditions.  Because the state court
rejected petitioner's . . . petition as untimely, it was not
'properly filed,' and he is not entitled to statutory tolling under
§ 2244(d)(2)").  On the other hand, an application that complies

with such rules governing filings, but that contains claims that are procedurally barred, is still a properly filed application that tolls the statute of limitations. <u>Bennett</u>, 531 U.S. at 9.

In this case, the record reflects that McCray's application for state habeas relief was properly filed on October 5, 2005, within the meaning of § 2244(d)(2).[12]  Thus, the statute of limitations was tolled for 48 days during the time that McCray's state habeas petition was pending, from the date it was filed, October 5, 2005, until November 22, 2005, when the Circuit Court dismissed the petition.  This tolling extended the time for McCray to file his federal habeas corpus petition to April 13, 2006.[13]

_____

[12]While McCray's state petition for habeas corpus was received by the Circuit Court on October 5, 2005, the petition appears to have been executed on July 29, 2005.  The Court notes that a Virginia Supreme Court Special Rule, effective September 1, 2004, recognizes a prison mailbox rule for inmate filings in the Virginia trial courts: a paper is timely filed by an inmate when "deposited in the institution's internal mail system with first-class postage prepaid on or before the last day of filing."  Va. Sup. Ct. R. 3A:25.  Because of the significant gap between the execution date and the filing date, the Court finds there is insufficient evidence to support a finding that McCray deposited the petition in the prison internal mail system on July 29, 2005, and therefore, construes McCray's state habeas petition as filed on October 5, 2005. The Court notes, <u>infra</u>, that even if the state habeas petition is construed as filed on July 29, 2005, the instant petition would still be untimely.

[13]There were 223 days between February 24, 2005, the date McCray's conviction became final, and October 5, 2005, the date McCray filed his state habeas petition, leaving 142 days remaining on the one (1) year statute of limitations period.  The limitation period was then tolled 48 days until the Circuit Court's November 22, 2005, denial and dismissal of the state habeas petition.  This meant that the federal petition must have been filed on or before April 13, 2006 (142 days after the denial of the state habeas

On the other hand, McCray's appeal of his state habeas petition to the Supreme Court of Virginia was not properly filed because it did not contain a list of errors.  Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c)).  Therefore, no tolling of the statute of limitations was available for the time that McCray's second state habeas petition was pending.  Thus, the statute of limitations was never tolled after November 22, 2005, the date on which McCray's state habeas petition was dismissed.[14]

McCray is also not entitled to tolling related to his previous federal habeas petition.  The Supreme Court in Duncan v. Walker, 533 U.S. 167, 172 (2001), held that a federal habeas petition is not an "application for state post-conviction or other collateral review" within the meaning of § 2244(d)(2) because the word "state" applies to the entire phrase "post-conviction or other collateral review."  As such, only state "other collateral review" tolls the limitation period.  Id.

---

petition).

   [14]Even assuming, arguendo, that McCray's state habeas petition was properly filed on July 29, 2005, the date it was signed and executed, and that McCray was entitled to tolling while the appeal of that petition was pending with the Supreme Court of Virginia, the instant petition would still not be timely.  These assumptions would increase the tolling period to 271 days, extending the limitations period to November 22, 2006, which would still result in the filing of the petition on December 5, 2005, being untimely by thirteen (13) days.

The deadline for McCray to file his federal appeal for habeas corpus remained April 13, 2006, <u>supra</u>, and he was approximately 236 days after and outside the limitation period when he filed the petition on December 5, 2006.  Accordingly, the Court FINDS that the instant petition is time-barred and recommends that it be DENIED.

### B. <u>Equitable Tolling</u>

In addressing the timeliness requirement in his response to Respondent's Motion to Dismiss, McCray stated:

> I did everything that I could to get my paperwork to your office in a timely fashion. I have documented forms along with this letter to show that the burden of fault is on the institution (GRCC) and no fault of my behave [sic].  My documents will show that I was denied/ hindered access to the law library to meet my deadline.

The Court construes McCray to argue that he should be excused from filing his petition late because the statute of limitations should be equitably tolled.  Equitable tolling of the limitation period, however, is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2003).  "[A]ny resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  <u>Harris v. Hutchinson</u>, 209 F.3d

12

325, 330 (4th Cir. 2000); <u>Little v. United States</u>, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002).

The Supreme Court has considered the issue of equitable tolling for denial of access to the prison library, and has held that denial of access should be evaluated to determine whether the prisoner had a reasonable period in which to access the law library. <u>Evans v. Chavis</u>, 546 U.S. 189, 201 (2006). The Supreme Court specifically held that the availability of a six-month window in which no conflict existed was sufficient to deny the petitioner equitable tolling. <u>Id.</u> In the instant case, the limitations period for McCray to file the instant petition ended on April 13, 2006. McCray's documentation of difficulty accessing the prison library is outside the six-month time frame,[15] and therefore, cannot be used to equitably toll the limitations period.[16]

Accordingly, the Court FINDS that McCray is not eligible for equitable tolling and that the instant petition is time-barred,

---

[15]McCray has provided request forms documenting his inability to access the law library. These forms are dated: October 26, 2006; November 6, 2006; November 17, 2006; November 27, 2006; November 29, 2006; November 30, 2006; May 6, 2007; and May 14, 2007. As stated, <u>supra</u>, note 9, this documentation was considered in granting McCray additional time to respond to Respondent's Motion to Dismiss.

[16]Indeed, to the extent that McCray argues he should be excused for his unfamiliarity with the legal system and his <u>pro se</u> status, such an argument is equally unavailing. <u>See</u> <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (<u>pro se</u> petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

and, accordingly, the Court recommends that it be DENIED.

### C.  **Exhaustion**

Even if McCray's petition was timely filed, in order for this Court to address the merits of this habeas petition, all of McCray's claims must be exhausted. <u>See</u> 28 U.S.C. § 2264(a); 28 U.S.C. § 2254(b).  The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), <u>aff'd</u> 996 F.2d 1560 (4th Cir. 1993).  Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. <u>See</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953)); <u>see also</u> <u>Skipper v. French</u>, 130 F.3d 603, 610 n.4 (4th Cir. 1997).  In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).  "[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," <u>Matthews</u>, 105 F.3d at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review.  <u>Clagett v.</u>

14

Angelone, 209 F.3d 370, 378-79 (4th Cir. 2000).

Respondent has asserted that McCray has exhausted his claims because they are procedurally barred from review by the Supreme Court of Virginia.  Respondent's Brief, at 7-9.

As discussed, supra, McCray presented the claims in the instant petition to the Supreme Court of Virginia in his appeal of his state habeas petition, but that appeal was dismissed for failure to comply with Va. Sup. Ct. R. 5:17.  This rule has been held to "constitute[] an 'independent and adequate state law ground[]' for dismissal" of a federal habeas petition containing the same claims.  Mueller v. Angelone, 181 F.3d 557, 582-85 (4th Cir. 1999).

Further, as discussed by Respondent, Respondent's Brief at 8-9, if McCray were to file another state habeas petition raising these issues, it would be barred as untimely, Va. Code Ann. § 8.01-654(A), and as a successive petition, Va. Code Ann. § 8.01-654(B)(2).  The Fourth Circuit has held that both of these statutes are "adequate and independent state ground[s]" barring federal habeas review of the dismissed claims.  Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999); Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997).

Based on the foregoing, the Court FINDS that both of McCray's claims are exhausted, but the Court further FINDS that both claims are procedurally defaulted under Virginia law and are therefore

15

barred from this Court's review.

### D. **Limited Exceptions to Procedural Default**

Although McCray's claims are procedurally defaulted, he may still obtain review of this claim if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent of the crime for which he was convicted. Clagett, 209 F.3d at 379 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks, 176 F.3d at 269.

Cause refers to "some objective factor external to the defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause"
> include: (1) "interference by officials that
> makes compliance with the State's procedural
> rule impracticable"; (2) "a showing that the
> factual or legal basis for a claim was not
> reasonably available to counsel"; (3) novelty
> of the claim; and (4) constitutionally
> ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

McCray has provided forms documenting delays in accessing the prison library, but McCray has not shown how these delays, which

16

occurred after the dismissal of his state habeas petition, caused him to procedurally default his state law claims.  McCray has also asserted that he has "limited knowledge concerning the law."  Were the Court to construe McCray to argue by this statement that he should be excused for his unfamiliarity with the legal system and his pro se status, such factors do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986).  See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

Consequently, McCray has failed to establish the requisite cause for his failure to comply with the applicable state procedural rules in order for this Court to review the instant claims on the merits.[17]

---

[17]Insofar as McCray has failed to establish the requisite cause to excuse the procedural default, the Court need not consider whether he has provided adequate grounds for a determination of

The Court does not consider the "miscarriage of justice" exception. It is the petitioner's burden to establish the exception and McCray has not provided evidence that but for the asserted constitutional errors, no reasonable juror would have found him guilty. See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing Herrera v. Collins, 506 U.S. 390, 401-02, 429 (1993) (White, J., concurring), incorporating the standard established in Jackson v. Virginia, 443 U.S. 307, 317 (1979)).

Accordingly, the Court FINDS that both claims raised in the instant petition are procedurally barred before this Court, and recommends that both claims be DENIED.

## III. **RECOMMENDATION**

For the foregoing reasons, the Court, recommends that McCray's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of McCray's claims be DISMISSED WITH PREJUDICE.

McCray has failed to demonstrate "a substantial showing of the

---

actual prejudice as a result of the defaulted claims. The Court does note, however, that to establish prejudice, it is the petitioner's burden to demonstrate "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Williams, 146 F.3d at 210 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)) (other citations omitted). Further, even in the instance where error occurred, a petitioner must show actual disadvantage, as a result, and not merely a possibility of harm. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997); see also Pope V. Netherland, 113 F.3d 1364, 1371 (4th Cir. 1997).

denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. <u>See</u> Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>,

474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984);

<u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on August 30, 2007

                                         /s/
                                   F. Bradford Stillman
                                   United States Magistrate Judge

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

    Ronald E. McCray, #344018
    Greensville Correctional Center
    Hu 8 233
    901 Corrections Way
    Jarratt, VA  23870
    PRO SE

    Virginia Bidwell Theisen, Esq.
    Assistant Attorney General
    Office of the Attorney General
    900 E. Main Street
    Richmond, Virginia 23219
    COUNSEL FOR RESPONDENT

                                Fernando Galindo,
                                Clerk of Court


                    By: _____
                                Deputy Clerk

                                August    , 2007

21