```
               UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                       Norfolk Division
```

RONALD E. MCCRAY, #344018,

       Petitioner,

v.                                            ACTION NO. 2:06cv728

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

       Respondent.

<u>FINAL ORDER</u>

      This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition alleges violation of federal rights pertaining to Petitioner's conviction on May 13, 2004, in the Circuit Court of the County of Prince George, Virginia, for abduction and possession of marijuana.  Petitioner was sentenced to serve a total of eleven (11) years in prison, of which a period of three (3) years and five (5) months was suspended.

      The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.  The report ("Magistrate Judge's Report") of the Magistrate Judge was filed on August 30, 2007, recommending dismissal of the petition.  By copy

of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On September 7, 2007, the Court received a document from Petitioner, "Response to Denial Recommendation by Magistrate Judge," that the Court construes as Petitioner's objections to the Magistrate Judge's Report ("Petitioner's Objections").[1] The Court received no response from Respondent.

The Court, having reviewed the record and examined Petitioner's Objections,[2] and having made de novo findings with respect

---

[1] This document was filed subject to defect because it did not contain an original signature. Insofar as the Court has considered the objections herein, the clerk is DIRECTED to file this pleading.

[2] The Court notes that Petitioner's Objections assert that Petitioner should be excused from procedural default because he was unfamiliar with Va. Sup. Ct. R. 5:17(c), which prevented the Supreme Court of Virginia from considering Petitioner's state habeas appeal on the merits, and thereby caused his claims to be procedurally defaulted in this Court. Further, Petitioner asserts that his unfamiliarity with this rule was due to "the petitioner completely lack[ing] counsel at every stage of his action." Petitioner's Objections, at 2.
The factors presented by Petitioner, unfamiliarity with the legal system and his pro se status, do not constitute cause because these are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("youth and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d 1442, 1447 (2d Cir. 1993) (ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control). Additionally, the right to counsel only extends to the first level of appeal, Douglas v. California, 372 U.S. 353 (1963).

2

to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on August 30, 2007, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED WITH PREJUDICE and that judgment be entered in favor of Respondent.

Accordingly, the Court FINDS that the claims set out in Grounds (a) and (b) are DISMISSED as untimely and as procedurally defaulted.

Petitioner may appeal from the judgment entered pursuant to this <u>final</u> <u>order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of

---

> [A] criminal defendant has no right to counsel . . . in pursuing state discretionary or collateral review . . . . Because [McCray] had no right to counsel to pursue his appeal in state habeas, any . . . error that led to the default of [McCray's] claims in state court cannot constitute cause to excuse the default in federal habeas.

<u>Coleman v. Thompson</u>, 501 U.S. 722, 756-57 (1991).

Further, assuming <u>arguendo</u> that the Court could excuse McCray's procedural default on the basis of lack of familiarity with the legal system, McCray has failed to address the other ground upon which the Magistrate Judge recommended the petition be dismissed, failure to file the petition before the expiration of the one-year limitation period. As the Magistrate Judge noted, even if McCray were given credit for tolling during the period in which his state habeas appeal was pending, McCray's petition would still have been untimely. Magistrate Judge's Report, at 11 n.14.

appealability.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

     The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

                                            <u>/s/ Jerome B. Friedman</u>
                                              UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

September 28, 2007